

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00327-CV

———————————————

TEPHNEY TRAWEEK, Appellant

V.

WILLIAM RAY LONG, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2018478

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Tephney Traweek attempts to appeal from the trial court's "Order on Defendant's Traditional Motion for Partial Summary Judgment." The order grants partial summary judgment in favor of William Ray Long on claims related to a motor vehicle accident that Traweek brought against him in her individual capacity. The trial court's order further states that "[t]he claims brought by Tephney Traweek as next friend of B.A., a minor, shall proceed to trial."

We have jurisdiction to consider appeals only from final judgments or from specific types of interlocutory orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing permissible interlocutory appeals). A final judgment is one that disposes of every pending claim and party. *Lehmann*, 39 S.W.3d at 200 (explaining that a judgment is final for purposes of appeal if it (1) actually disposes of all claims and parties or (2) states with unmistakable clarity that it is a final judgment).

The order leaves claims pending in the trial court and does not appear to be an appealable interlocutory order. Accordingly, on September 18, 2019, this court notified Traweek that we were concerned that we may not have jurisdiction over this appeal because the trial court's order did not appear to be a final judgment or an appealable interlocutory order. We cautioned her that unless she or any party desiring to continue the appeal filed with the court, on or before September 30, 2019, a

2

response showing grounds for continuing this appeal, the appeal might be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We have received no response. We therefore dismiss Traweek's attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: October 17, 2019